**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio REYES–MELGOZA,**
**Defendant–Appellant.**

**No. 06–10701.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R. App. P. 34(a)(2).

Robert H. Bork, Esq., U.S. Attorney's Office, Las Vegas, NV, for Plaintiff–Appellee.

Paul D. Riddle, Esq., Law Office of the Federal Public Defender, Las Vegas, NV, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Antonio Reyes–Melgoza appeals from the 41–month sentence imposed following his guilty-plea conviction for unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reyes–Melgoza contends that the district court erred by increasing his sentence pursuant to 8 U.S.C. § 1326(b)(2) based on a prior conviction that he did not admit, and a jury did not find beyond a reasonable doubt. As he concedes, this contention is foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

Reyes–Melgoza further contends that pursuant to *Dretke v. Haley,* 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), the avoidance of constitutional doubt doctrine requires the Court to construe 8 U.S.C. § 1326 such that a two-year statutory maximum applies to his offense, and to reject the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct.

1219, 140 L.Ed.2d 350 (1998). This Court, however, has recently reaffirmed that the fact of a prior conviction need not be proven to a jury or admitted in order to increase a defendant's statutory maximum sentence under § 1326(b), and that *Almendarez–Torres* remains binding and controlling precedent. *See Beng–Salazar,* 452 F.3d at 1091; *see also United States v. Grisel,* 488 F.3d 844, 846–47 (9th Cir.2007) (en banc). Accordingly, the doctrine of avoidance of constitutional doubt does not require the statute and Guidelines to be construed otherwise.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

